UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LINDSAY JOHNSON,

        Plaintiff,

   v.

PROLINE CONCRETE TOOLS, INC.,

        Defendant.

NO. CIV. 08-909 LKK/GGH

ORDER

/

Plaintiff Lindsay Johnson has filed a complaint against defendant, Proline Concrete Tools, Inc., for sex discrimination in violation of Title VII, California's Fair Employment and Housing Act, California Pregnancy Disability Leave Law, and for wrongful termination in violation of public policy. Plaintiff is a person residing in Marysville, County of Yuba, California. Defendant is a California Corporation with headquarters in San Diego County, California. Defendant filed a motion to dismiss for improper venue, or in the alternative to transfer the action to the Southern District of California. For the reasons explained below,

1

defendant's motion is denied.

## I. Background and Allegations

In November 2006, plaintiff was residing in Yuba County, California. Declaration of Lindsay Johnson In Opposition to Defendants' Motion to Dismiss ("Johnson Decl.") ¶ 2. On November 9, 2006 she e-mailed her resume to defendant, Proline Concrete Tools, Inc., and after a conversation with Larry Freedman was offered a position of Sales Representative for the Northern California, Oregon and Washington region. Id. ¶ 3. She started work on November 13, 2006 in Marysville, California, County of Yuba. Id. ¶ 5. On November 13 and 14, 2006, plaintiff had her first in-person meeting with Larry Freedman, when he accompanied her on visits to several of defendant's largest customers in the Sacramento and San Jose area. Id. ¶ 6.

While employed as Sales Representative for Northern California, Oregon and Washington region, Plaintiff estimates that defendant had approximately 120 customers in that region. Id. ¶ 7. In June 2007, plaintiff's territory was changed to Northern California and Northern Nevada, with approximately 80-90 customers. Id. ¶ 8. According to the plaintiff, almost all of her conversations with Freeman were telephonic, and during her employment she only visited the corporate office on two occasions. Id. ¶¶ 9-10. Plaintiff's employment was terminated on September 21, 2007. Id. ¶ 11.

Defendants now move for dismissal for improper venue or, in the alternative, to transfer the case to the Southern District of

California. According to defendants, their principal place of business is San Diego County and their records are located there. Declaration of Paul Sowa In Support of Defendant's Motion to Dismiss ("Sowa Decl.") ¶¶ 4, 8. Currently, Mr. Freeman is the only witness defendants have identified, and he lives in Southwest Riverside County. Id. ¶ 5. Defendants describe the plaintiff's place of employment as San Diego County, as this was the location where she was hired and terminated. Id. ¶ 8.

## II. Standard

Typically, venue is proper in any district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a). Section 1391 does not require that a majority of the events have occurred in the district where suit is filed, nor does it require that the events in that district predominate. Rodriguez v. California Highway Patrol, 89 F. Supp. 2d 1131, 1136 (N.D. Cal. 2000). All that plaintiff needs to show is that a substantial part of the events giving rise to his claim occurred in the Eastern District of California. See id. If venue is improper in this district, then the court may transfer the case to any district or division in which it could have been brought if it is in the interests of justice. 28 U.S.C. § 1406(a).

Similarly, for the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought if it is in the interests of justice. 28 U.S.C. § 1404(a). However, defendant must

make a strong showing of inconvenience to warrant upsetting plaintiff's choice of forum. <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986). The relevant factors in this inquiry include plaintiff's choice of forum, convenience to the parties, convenience to the witnesses, ease of access to evidence, familiarity of the forum with applicable law, feasibility of consolidation with other claims, local interests in the controversy, and court congestion. <u>Williams v. Bowman</u>, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

### III. Analysis

Defendant argues that venue is improper in the Eastern District of California because the defendant does not have the requisite contacts with the venue. Defendant also contends that convenience strongly favors transferring the case to the Southern District of California. The court disagrees and denies defendant's motion.

**A.   Title VII Claims**

Section 2000e-5(f)(3) is a special venue provision governing Title VII causes of actions. In relevant part, it provides that such actions may be brought in one of three districts: (1) that in which the unlawful employment practice is alleged to have been committed, (2) that in which the employment records relevant to the practice are maintained or administered, or (3) that in which the plaintiff would have worked but for the alleged unlawful employment practice. 42 U.S.C. §2000e-5(f)(3). Courts have noted that "this broad provision for alternative forums was necessary to support the

desire of Congress to afford citizens full and easy redress of civil rights grievances." <u>Passantino v. Johnson & Johnson Consumer Prods.</u>, 212 F.3d 493, 505 (9th Cir. 2000) (quoting <u>Richardson v. Alabama State Bd. of Educ.</u>, 935 F.3d 1240, 1248 (11th Cir. 1991)). "In general, the effect of Title VII venue provision is to allow suit in judicial district in which plaintiff worked or would have worked." <u>Id.</u>

Here, plaintiff has made a sufficient showing that the third prong of §2000e-5(f)(3) is met, as she would have worked in Marysville, California (Yuba County), had defendant not terminated her. Johnson Decl. ¶ 5. This fact is undisputed by defendant. Accordingly, venue is proper in this judicial district pursuant to Title VII. <u>See</u> <u>Passantino</u>, 212 F.3d at 506; <u>Tamashiro v. Harvey</u>, 487 F. Supp. 2d 1162, 1166 (D. Haw. 2006) (holding that Title VII venue proper where plaintiff suffered the effects of defendant's employment practice).

Plaintiff's remaining causes of action, brought under state statute, federal statute and common law, all share the same factual allegations as that of her Title VII claim, namely that the defendant improperly terminated her based on her gender and her status as a pregnant woman. <u>See</u> Compl. ¶¶ 10-23. Accordingly, pendent venue is proper. <u>See</u>, <u>e.g.</u>, <u>Archuletta v. Sullivan</u>, 725 F. Supp. 602, 606 (D.D.C. 1989).

Moreover, venue is proper on the remaining claims 28 U.S.C. § 1391(b). For the purposes of venue, in a state which has more than one district, a defendant that is a corporation is deemed to

reside in any district "within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate [s]tate." 28 U.S.C. § 1391(b). Whether the defendant physically entered the forum state is not dispositive. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985). "[I]t is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines . . . So long as a commercial actor's efforts are "purposefully directed" toward residents of another [s]tate," lack of physical contacts cannot defeat personal jurisdiction. Burger King, 471 U.S. at 476; see also Passantino, 212 F.3d at 506.

Here, taking the allegations of the complaint as true for the purpose of this motion, the phone calls made by defendant's employees from San Diego and the decision to terminate plaintiff caused injury to plaintiff in Marysville. Compl. ¶¶ 10-20. Furthermore, defendant has some of its major customers in the Sacramento area, and approximately 80-90 customers in Northern California and Northern Nevada. Johnson Decl. ¶ 8. Venue is proper on all plaintiff's claims in this district. See 28 U.S.C. § 1391(b).

**B.   Transfer**

28. U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Plaintiff's choice of forum is given

6

significant deference, and will only be overridden upon a strong showing of inconvenience to the defendant. Decker Coal Co., 805 F.2d at 843. Furthermore, transfer is not appropriate where it would only shift the inconvenience to the other party rather than eliminate it entirely. Id. In considering a motion to transfer, the court considers: (1) plaintiff's choice of forum, (2) availability of compulsory processes for attendance of unwilling witnesses, (3) the cost of obtaining attendance of willing witnesses, and (4) convenience of the parties. Gulf Oil Corp. V. Gilbert, 330 U.S. 501, 508 (1947).

**1.  Convenience of Witnesses**

Convenience of the witnesses is one of the most important factors in determining whether to grant a motion to transfer. See Fisher v. Las Vegas Hilton Corp., 47 Fed. Appx. 824, 827 (9th Cir. 2002). Here, plaintiff has named five witnesses with relevant information whom she expects to testify trial. Johnson Decl. ¶ 12. Three of these witnesses are believed to reside in the Sacramento area and one lives in Yuba County. Id. In comparison, the defendant has identified only Mr. Freeman, who lives in Southwest Riverside County, as a potential witness. Sowa Decl. ¶ 5. To the extent that defendant also intends to defendant's employees, inconvenience of those witnesses is accorded less weight since they could be compelled to testify. See STX, Inc. v. Trik Stik, Inc., 708 F. Supp. 1551, 1556 (N.D. Cal. 1988). Accordingly, the convenience of the witnesses weighs in favor of denying transfer to the Southern District of California.

### 2. Convenience of Parties

Convenience of parties also weighs in favor of plaintiff. In determining the weight to be given to plaintiff's choice of venue, "consideration must be given to the extent both of the defendant's business contacts with the chosen forum and of the plaintiff's contacts, including those relating to [her] cause of action." Pac. Car and Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968). Plaintiff currently resides in Marysville, California, and requiring plaintiff to traveling to San Diego will pose significant difficulties for her along with witnesses who currently reside in Sacramento. See Johnson Decl. ¶ 12; Compl. ¶ 2. Defendant on the other hand has multiple contacts and customers in Northern California. Johnson Decl. ¶ 6. Transferring the action to the Southern District of California will merely shift the inconvenience from defendant to plaintiff, which does not favor transfer. Decker Coal Co., 805 F.2d at 843.

Accordingly, the relative convenience of the parties weighs against transfer.

### 3. Location of Evidence

Absent any other grounds for transfer, the fact that records are located in a particular district is not itself sufficient to support a motion for transfer. See STX, 708 F. Supp. at 1556. Accordingly, defendant has failed to meet the heavy burden required to overcome the presumption in favor of plaintiff's choice and demonstrate that the balance of inconveniences substantially weighs in favor of transfer. See Decker Coal Co., 805 F.2d at 843.

Defendant's motion to transfer is denied.

## IV. CONCLUSION

For the reasons stated herein, the defendant's motion to dismiss or, alternatively, to transfer is DENIED.

IT IS SO ORDERED.

August 4, 2008

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT