UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LINDSAY JOHNSON,

        Plaintiff,

  v.

PROLINE CONCRETE TOOLS, INC.,

        Defendant.
_____/

NO. CIV. 08-909 LKK/GGH

O R D E R

Pending before the court is plaintiff's motion to modify the Scheduling Order for the purpose of reopening discovery, which defendant opposes. The court resolves the motion on the papers and after oral argument.

The scheduling order may only be amended upon a showing of good cause. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992). The "good cause" standard primarily considers the diligence of the party seeking the amendment. See, e.g., Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990); Amcast Indus. Corp. v. Detrex Corp., 132 F.R.D. 213,

1

217 (N.D. Ind. 1990); 6A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence).

Here, the plaintiff has not shown good cause to amend the scheduling order. It appears from the papers and oral argument that defendant provided plaintiff well before the close of discovery the address of the witness who plaintiff seeks to depose. The court is persuaded that plaintiff's inability to determine the witness' current phone number is fairly attributable to her lack of diligence.

Accordingly, plaintiff's motion to modify the scheduling order is DENIED.

IT IS SO ORDERED.

DATED: April 27, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT